POLSTON, J.
Appellant Neil Dixon obtained a jury verdict in this slip and fall ease against appellee River City Brewing Company. The trial court ruled on various post-trial motions, and reasoning that the testimony of Dixon’s expert witness was inadmissible and that he should not have been allowed to testify, set aside the jury verdict, granted River City’s motion for directed verdict, and entered judgment in favor of River City. Dixon argues on appeal that the trial court erred and that the jury verdict should be reinstated. We agree.[1]
In the trial court’s Amended Final Judgment Setting Aside Verdict and Granting Defendant’s Motion for Directed Verdict, the trial court reasoned that the witness, a mechanical engineer testifying as an accident reconstruction expert, visited the scene for only a short time without performing any tests or taking measurements, and lacked a factual basis for his speculative testimony. An expert’s testimony is “subject to impeachment or to having its weight reduced because of its failure to properly consider one of the many factors that may influence an opinion ..., but that failure should not prevent the opinion’s admission, nor cause its complete exclusion from the jury’s consideration.” Florida Dep’t of Transp. v. Armadillo Partners, Inc., 849 So.2d 279, 287-88 (Fla. 2003).
Accordingly, we reverse the trial court’s amended final judgment and remand with instructions to reinstate the jury’s verdict.
LEWIS, J., and COLLINS, JULIAN E., Associate Judge, concur.

. We have considered the merits of River City's argument that the trial court erred by denying its motion for remittitur, but reject it without further comment.